

**IT IS ORDERED as set forth below:**

**Date: July 24, 2018**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LAKEPOINT LAND, LLC,** | ) | **Case No. 18- 41337-bem** |
| **LAKEPOINT LAND III, LLC,** | ) | |
| **LAKEPOINT LAND IV, LLC,** | ) | **JointlyAdministered** |
| **LAKEPOINT SERVICES, LLC,** | ) | |
| **LAKEPOINT SPORTS SOUTH, LLC,** | ) | |
| **LP HOUSING LLC, LAKEPOINT** | ) | |
| **HOSPITALITY, LLC, and** | ) | |
| **LAKEPOINT MERCHANDISE, LLC,** | ) | |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

**THIRD INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION
FOR AUTHORITY TO (A) MAINTAIN EXISTING BANK ACCOUNTS AND
(B) CONTINUE USE OF EXISTING BUSINESS FORMS**

This matter is before the Court on the *Debtors' Emergency Motion For Authority to (A) Maintain Existing Bank Accounts and (B) Continue Use of Existing Business Forms* [Docket No. 9] (the "Motion") of LakePoint Land, LLC ("LPL"), LakePoint Land III, LLC ("LPL III"), LakePoint Land IV, LLC ("LPL IV"), LakePoint Services, LLC ("LP Services"),

12467431v1

LakePoint Sports South, LLC ("LP Sports"), LP Housing LLC ("LP Housing"), LakePoint Hospitality, LLC ("LP Hospitality"), and LakePoint Merchandise, LLC ("LP Merchandise"; and together with LPL, LPL III, LPL IV, LP Services, LP Sports, LP Housing, and LP Hospitality, the "Debtors"). All capitalized terms used but not defined in this Order shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Declaration of Robert Zurcher Chief Financial Officer of the Debtors and Sole Manager of LakePoint Land, LLC in Support of Chapter 11 Petitions and First-Day Orders [Docket No. 5], and the matters reflected in the record of the hearing held on the Motion on June 13, 2018 at 1:00 p.m. and July 3, 2018 at 10:00 a.m.  It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and the Court's First Interim Order on the Motion [Docket No. 31] and the Court's Second Interim Order on the Motion [Docket No. 65] has been provided to the Office of the United States Trustee for Northern District of Georgia, counsel for Rimrock High Income Plus (Master) Fund, LTD, the Debtors' prepetition senior secured creditor, the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, all applicable tax authorities, all other parties required to receive service under Rule 2002 of the Bankruptcy Rules, and the Banks; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.      The Motion is GRANTED on an interim basis.

2.      The Debtors are authorized to: (a) maintain and continue to use the Accounts; and (b) treat the Accounts for all purposes as accounts of the Debtors as a debtors-in-possession.

3. The Banks are authorized to continue to service and administer the Accounts as an account of the Debtors as a debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or automated clearinghouse transfers ("ACH Transfers") drawn on the Accounts after the Petition Date by holders or makers thereof, as the case may be. In the course of providing services to the Debtors, the Banks are authorized, without further order of this Court, to deduct from the Accounts their customary fees and expenses associated with the nature of the deposit and other services rendered to the Debtors, whether arising pre-petition or post-petition, and further, to charge back to the accounts of the Debtors any amounts resulting from returned checks or other returned items, regardless of whether such items were deposited pre-petition or post-petition and regardless of whether the returned items related to pre-petition or post-petition items; *provided*, *however,* that, in addition to the requirements thereof, any checks, drafts, wires, or ACH Transfers drawn or issued by the Debtors before the Petition Date shall be timely honored by the Banks to the extent necessary to comply with any order of this Court authorizing payment of certain pre-petition claims, subject to the availability of funds, unless the Banks are instructed by the Debtors to stop payment on or otherwise dishonor such check, draft, wire, or ACH Transfer.

4. Notwithstanding anything to the contrary in any other order in these bankruptcy cases entered contemporaneously with this Order, the Banks: (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH Transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH Transfers are dated prior to, on, or subsequent to the Petition Date and whether or not the Banks believe the payment is or is not authorized by any order(s) of the Court; (b) has no duty to inquire as to whether such payments are authorized by any order(s) of the

Court; and (c) has no liability to any party on account of the Debtors' instructions in accordance with this Order or for honoring a pre-petition check or other item as the result of an innocent mistake made despite implementation of customary item handling procedures.

5. Nothing contained in this Order shall prevent the Debtors from opening any additional bank accounts, provided that, such bank accounts comply with the guidelines established for bank accounts by the Office of the United States Trustee for Northern District of Georgia, or closing any existing bank account(s) as it may deem necessary and appropriate, and the Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts; *provided*, *however*, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation and that is organized under the laws of the United States or any State thereof.

6. Any and all accounts opened by the Debtors on or after the Petition Date at any bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order.

7. The Debtors and the Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code.

8. The Debtors are authorized to continue to use their existing business forms (including checks) and stationery without alteration or change.

9. Neither this Order, nor the Debtors' payment of any amounts authorized by this Order, shall: (i) result in any assumption of any executory contract or unexpired lease by the

Debtors; (ii) result in a commitment to continue any plan, program, or policy of the Debtors; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtors.

10. To the extent the fourteen (14) day stay of Rule 6004(h) of the Bankruptcy Rules may be construed to apply to the subject matter of this Order, such stay is hereby waived.

11. The Court shall hold a final hearing on the Motion in **Courtroom 1402, United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia 30303, at 11:00 a.m. (Eastern) on August 14, 2018 (the "Final Hearing")**, and the United States Trustee for Northern District of Georgia shall have until August 11, 2018 at 5:00 p.m. to file an objection to Motion, if any, and serve such objection on counsel for the Debtors, counsel for Rimrock High Income Plus (Master) Fund, LTD, and counsel for Official Committee of Unsecured Creditors (if any).

12. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. Counsel for the Debtors is directed to serve a copy of this Order on the Master Service List and the Banks within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

**\*\*\* END OF ORDER \*\*\***

Prepared and presented by:

ARNALL GOLDEN GREGORY LLP

/s/ Sean C. Kulka
Sean C. Kulka
Georgia Bar No. 648919
Michael F. Holbein
Georgia Bar No. 360070
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: sean.kulka@agg.com

*Proposed Attorneys for Debtors and Debtors in Possession*

-and-

No Objection as to Form of Order:

*s/ Martin P. Ochs*
MARTIN P. OCHS
NY Bar No. MO-103
Georgia Bar Number 091608
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
(404)-331-4437
martin.p.ochs@usdoj.gov