IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAKEPOINT LAND, LLC, | ) | Case No. 18-41337-bem |
| LAKEPOINT LAND III, LLC, | ) | |
| LAKEPOINT LAND IV, LLC, | ) | Jointly Administered |
| LAKEPOINT SERVICES, LLC, | ) | |
| LAKEPOINT SPORTS SOUTH, LLC, | ) | |
| LP HOUSING LLC, LAKEPOINT | ) | |
| HOSPITALITY, LLC, and | ) | |
| LAKEPOINT MERCHANDISE, LLC, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**DEBTORS' MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN
LAKEPOINT SERVICES, LLC, RICH BODEN, AND PASS THE PLATE, INC.
TO MODIFY THE AUTOMATIC STAY TO ALLOW
CERTAIN LITIGATION TO PROCEED AND FOR CERTAIN OTHER RELIEF**

LakePoint Land, LLC ("LPL"), LakePoint Land III, LLC ("LPL III"), LakePoint Land IV, LLC ("LPL IV"), LakePoint Services, LLC ("LPS"), LakePoint Sports South, LLC ("LP Sports"), LP Housing LLC ("LP Housing"), LakePoint Hospitality, LLC ("LP Hospitality"), and LakePoint Merchandise, LLC ("LP Merchandise," and together with LPL, LPL III, LPL IV, LPS, LP Sports, LP Housing, and LP Hospitality, the "Debtors") move for entry of an order pursuant to 11 U.S.C. §§ 362 and 365, Rules 9019 and 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and applicable law approving the Settlement Agreement between LPS, Rich Boden, and Pass the Plate, Inc. to modify the automatic stay to allow the Lawsuit (defined below) to proceed and for certain other relief.  In support of this Motion, the Debtors respectfully represent as follows:

12630732v4                                         1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are sections 362 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 4001(d) and 9019 of the Bankruptcy Rules.

## BACKGROUND

### A. General Background

3. On June 11, 2018 (the "Petition Date") the Debtors each commenced voluntary cases (the "Bankruptcy Cases") under Chapter 11 of the Bankruptcy Code.

4. The Debtors have continued in possession of their properties and have continued to operate and manage their respective businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date of this motion, no official committee of unsecured creditors has been appointed in these Bankruptcy Cases, and no request has been made for the appointment of a trustee or examiner.

6. On the Petition Date, the Court entered an Order [Docket No. 15] directing the joint administration of the Bankruptcy Cases for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

7. The factual background relating to the Debtors' commencement of these Bankruptcy Cases is set forth in detail in the *Declaration of Robert Zurcher Chief Financial Officer*

*of the Debtors and Sole Manager of LakePoint Land, LLC in Support of Chapter 11 Petitions and First-Day Orders* [Docket No. 5] (the "Zurcher Declaration").

### B. Background Related to the Motion

8. On September 4, 2015, Rich Boden ("Boden") and Pass the Plate, Inc. ("PTP"; together with Boden, the "Litigants") initiated a lawsuit in the Superior Court of Cobb County, Georgia styled *Boden, et al. v. McCabe, et al.*, Civil Action File Number 15-1-7031-52 (the "Lawsuit") seeking compensatory and punitive damages from LPS for breach of a Concession Agreement between LPS and PTP (the "PTP Agreement") and from LPS, LakePoint Sports Development Group, LLC ("LSDG"), Earl Ehrhart ("Ehrhart" together with LSDG and Ehrhart, the "LakePoint Defendants"), Marshal McCabe ("McCabe"), James Black a/k/a Tony Black ("Black"), Sean Rowe ("Rowe"), Top Shelf Concessions, Inc. ("Top Shelf") for tortious interference with the PTP Agreement, civil conspiracy, and other claims as set forth in the Complaint, as amended, in the Lawsuit.

9. On or about July 19, 2018, PTP filed Proof of Claim No. 3 against LPS in an unknown amount based on its claims against LPS in the Lawsuit (the "PTP Claim").

10. On or about July 19, 2018, Boden filed Proof of Claim No. 4 against LPS in an unknown amount based on his claims against LPS in the Lawsuit (the "Boden Claim").

11. On August 30, 2018, the Bankruptcy Court entered an Order [Docket No. 105] (the "Rejection Order") approving the Debtors' first omnibus motion to reject certain executory contracts and unexpired leases, including the PTP Agreement.

### REQUESTED RELIEF

12. The Debtors request that this Court approve a Settlement Agreement between LPS, Boden, and PTP (the "Agreement") wherein the Debtors have consented to modification of the

automatic stay to allow the Litigants to prosecute the Lawsuit subject to Court approval and the conditions set forth in the Settlement Agreement. A true and correct copy of the Agreement is attached to this Motion as **Exhibit A**, and is expressly incorporated herein by reference. In summary,[1] the Agreement provides that:

- The Debtors consent to modification of the automatic stay in the Bankruptcy Cases to allow the Litigants to continue to prosecute the Lawsuit, and the Litigants agree that any recovery against the LakePoint Defendants is limited to the proceeds of any applicable insurance policy or policies owned by, or providing insurance coverage to, the LakePoint Defendants, with the sole exception that the Litigants may also seek and recover punitive damages against Ehrhart, outside and over and above the proceeds of any applicable insurance policy or policies owned by, or providing insurance coverage to, the LakePoint Defendants, but only insomuch as any such punitive damages claim and resulting recovery, including any judgment, does not give rise to any claim against any of the Debtors, any of the Debtors' respective bankruptcy estates, or their respective successors and assigns (the "Recovery Cap").

- The PTP Agreement shall be reinstated (the "Reinstated PTP Agreement"); provided, however, that the Litigants' ability to enforce the Reinstated PTP Agreement against or otherwise recover any damages from the Debtors or the LakePoint Defendants in connection with such reinstatement shall be limited to the Recovery Cap.

---

[1] In the event of a conflict between this summary and the terms of the Agreement, the terms of the Agreement shall control.

- Upon entry of an Order approving the Agreement, the PTP Claim and the Boden Claim in the Claims Registry shall be deemed withdrawn and disallowed without any further action by the Debtors or further order of the Court.

13. Since the Debtors' exposure in the Lawsuit will be capped pursuant to the terms of the Agreement, the Debtors also prospectively seek authorization from this Court pursuant to Rule 9019 of the Bankruptcy Rules to enter into any compromise and settlement agreement in connection with the Lawsuit subject to the Recovery Cap.

### A.  Approval of the Agreement

14. The Debtors seek entry of an order from the Court approving the Agreement and modifying the automatic stay consistent with the terms of the Agreement.

15. Rule 9019(a) provides, in pertinent part, that on a motion "after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), which provides that when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id*. at 1549.

16. The proposed settlement between the Parties allows the Debtors to avoid the time and expense of litigation, caps losses at insurance proceeds that would not otherwise be available for distribution to creditors, and reduces the total amount of claims in these Bankruptcy Cases

(including the expungement of the PTP Claim and the Boden Claim). As such, the settlement on the terms described in the Agreement is a proper exercise of the Debtors' business judgment, is in the best interests of the Debtors' bankruptcy estates, and clearly falls within the range of reasonableness required under *Justice Oaks*.

### B.  Modification of the Automatic Stay to Allow the Lawsuit to Proceed

17.     Pursuant to 11 U.S.C. § 362(a)(1), a bankruptcy petition operates as a stay against the commencement or continuation of a judicial action against a debtor that was commenced before the bankruptcy case was filed, and therefore stayed the Lawsuit.

18.     Pursuant to 11 U.S.C. § 362(d)(1), the bankruptcy court may grant a party relief from the stay by modifying such stay for cause. Further, Rule 4001(d) of the Bankruptcy Rules provides a mechanism for the bankruptcy court to approve a compromise and settlement related to the automatic stay.

19.     The Debtors seek to modify the stay to allow the Litigants to prosecute their claims in the Lawsuit, subject to the Recovery Cap and other conditions set forth in the Agreement and outlined above.

20.     Cause exists to allow the Debtors to effectuate the settlement contained in the Agreement. As explained above, the proposed settlement on the terms described in the Agreement is in the best interests of the Debtors' bankruptcy estates. Accordingly, the Debtors respectfully request that this Court approve the Motion and the Agreement.

### **NOTICE**

21.     Notice of this Motion has been provided to: (1) the parties on the Master Service List established in these Bankruptcy Cases, and (2) PTP, Boden, LSDG, Ehrhart, McCabe, Black,

Rowe, and Top Shelf or their respective counsel. In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an Order in substantially the same form as the proposed Order attached to this Motion as **Exhibit B**:

    a.    granting this Motion and approving the Agreement;

    b.    authorizing the Debtors to take actions reasonably necessary to effectuate the terms of the Agreement;

    c.    modifying the automatic stay to allow the Litigants to prosecute their claims in the Lawsuit, subject to the Recovery Cap and any other terms and conditions set forth in the Agreement;

    d.    authorizing the Debtors to enter into a compromise and settlement agreement in connection with the Lawsuit subject to the Recovery Cap; and

    e.    granting the Debtors such other and further relief as the Court may deem just and proper.

Respectfully submitted this 24th day of September, 2018.

    ARNALL GOLDEN GREGORY LLP

    /s/ Sean C. Kulka
    Sean C. Kulka
    Georgia Bar No. 648919
    Michael F. Holbein
    Georgia Bar No. 360070
    171 17th Street, N.W., Suite 2100
    Atlanta, Georgia 30363-1031
    Phone: (404) 873-8500
    Fax: (404) 873-8683
    Email: sean.kulka@agg.com

    *Attorneys for Debtors and*
    *Debtors in Possession*