# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LAKEPOINT LAND, LLC,** | ) | **Case No. 18-41337-bem** |
| **LAKEPOINT LAND III, LLC,** | ) | |
| **LAKEPOINT LAND IV, LLC,** | ) | **Jointly Administered** |
| **LAKEPOINT SERVICES, LLC,** | ) | |
| **LAKEPOINT SPORTS SOUTH, LLC,** | ) | |
| **LP HOUSING LLC, LAKEPOINT** | ) | |
| **HOSPITALITY, LLC, and** | ) | |
| **LAKEPOINT MERCHANDISE, LLC,** | ) | |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

## NOTICE OF CONFIRMATION OF PLAN, PERMANENT INJUNCTION, VARIOUS DEADLINES, EFFECTIVE DATE

## AND

## DEADLINE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS, AND CLAIMS ARISING FROM THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on November 28, 2018, the United States Bankruptcy Court for the Northern District of Georgia entered the *Order Confirming Joint Chapter 11 Plan of Reorganization of LakePoint Land, LLC and Its Affiliated Debtors* (the "Confirmation Order").  The Confirmation Order confirmed the *Joint Chapter 11 Plan of Reorganization of LakePoint Land, LLC and Its Affiliated Debtors* [Docket No. 90] (as amended, modified, or supplemented to date, the "Plan") filed by LakePoint Land, LLC ("LPL"), LakePoint Land III, LLC ("LPL III"), LakePoint Land IV, LLC ("LPL IV"), LakePoint Services, LLC ("LP Services"), LakePoint Sports South, LLC ("LP Sports"), LP Housing LLC ("LP Housing"), LakePoint Hospitality, LLC ("LP Hospitality"), and LakePoint Merchandise, LLC ("LP Merchandise," and together with LPL, LPL III, LPL IV, LP Services, LP Sports, LP Housing, and LP Hospitality, the "Debtors").

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and the Plan may be obtained at the following website: http://cases.gardencitygroup.com/lpl/index.php;

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on December 21, 2018;

**PLEASE TAKE FURTHER NOTICE** the Confirmation Order contains the following permanent injunction:

**Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim or Interest extinguished, discharged or released pursuant to the Plan. Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors (with the consent of the Prepetition Lender) and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Released Parties or the property of any of the Released Parties, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Released Parties or the property of any of the Released Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Released Parties or the property of any of the Released Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Released Parties or the property of any of the Released Parties, except as contemplated or allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan. By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.5.**

**NOTICE IS FURTHER GIVEN THAT** the Confirmation Order provides, among other things, the following deadlines:

a. **Administrative Bar Date (General):** Except as otherwise provided in the Plan or this Bankruptcy Court's Bar Date Order related to Administrative Expense Claims arising under Section 503(b)(9) [Docket No. 61], any Person holding an Administrative Expense Claim (other than a claim for Professional Compensation) shall file a proof of such Administrative Expense Claim with the Claims Agent within thirty (30) days of the date of the entry of the Confirmation Order.  Any Person who fails to timely file and serve a proof of such Administrative Expense Claim shall be forever barred from seeking payment of such Administrative Expense Claim by the Debtors, the Reorganized Debtors, and the Estates.

b. **Administrative Claims Bar Date (Professionals)**:  All Entities seeking an award by this Bankruptcy Court of Professional Fee Claims shall file and serve on attorneys for the Reorganized Debtors, the U.S. Trustee, attorneys for the Rimrock Investor, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court, on or before the date that is forty-five (45) days after the Effective Date, their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred from the Petition Date through the Effective Date.  Objections to any Professional Fee Claims must be filed and served on attorneys for the Reorganized Debtors, attorneys for the Rimrock Investor, and the requesting party no later than twenty-one (21) calendar days after the filing of the final applications for compensation or reimbursement (unless otherwise agreed by the party requesting compensation of a Professional Fee Claim).

c. **Rejection Damage Claims Bar Date**:  All proofs of claim with respect to Claims arising from the rejection pursuant to the Plan of any Executory Contracts or Unexpired Leases, if any, must be filed with the Debtors' Claims Agent and served upon counsel for the Reorganized Debtors within thirty (30) days after the Effective Date.  Any Claims arising from the rejection of Executory Contracts or Unexpired Leases that become Allowed Claims are classified and shall be treated as a Class 4 General Unsecured Claims, as applicable.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan not filed within the time required by this section will be forever barred from assertion against the Debtors, the Reorganized Debtors, and property of the Debtors or the Reorganized Debtors, as applicable, unless otherwise ordered by this Bankruptcy Court or provided in the Plan.  Notwithstanding the foregoing, a Claim for damages arising from the rejection of an Executory Contract or Unexpired Lease rejected pursuant to an order of this Bankruptcy Court must be filed prior to any bar date or deadline set forth in such order authorizing the rejection of such Executory Contract or Unexpired Lease or other order of this Bankruptcy Court.

3

**By Order of the Court**                                     ARNALL GOLDEN GREGORY LLP

/s/ Sean C. Kulka
Sean C. Kulka
Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8683
Email: sean.kulka@agg.com

*Attorneys for Debtors and Debtors in Possession*

AGG\12994721v1